J-S09026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCEL J. COOK, | |
| Appellant | No. 1213 WDA 2014 |

Appeal from the PCRA Order June 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000391-1986, CP-02-CR-530-1986

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 10, 2015**

Marcel J. Cook appeals *pro se* from the June 24, 2014 order dismissing his eleventh post-conviction relief petition as untimely.  We affirm.

On July 22, 1986, Appellant entered a negotiated guilty plea to second-degree murder and robbery charges, which arose from the December 30, 1985 shooting of Donald Stoker by Appellant's accomplice. The court imposed a mandatory term of life imprisonment for the murder conviction and no additional penalty on the robbery count.  Thereafter, Appellant attempted unsuccessfully to withdraw his guilty plea on several occasions, and repeatedly sought both PCRA and *habeas* relief through serial petitions.  The instant *pro se* petition was filed on July 6, 2012.  The court

appointed attorney William Kaczynski to represent Appellant. Counsel filed a *Turner*/*Finley*[1] no-merit letter on November 12, 2013, and sought permission to withdraw as counsel, which was granted. Appellant subsequently sought and received leave to amend his petition to seek *habeas corpus* relief. On February 4, 2014, Appellant filed a *pro se* Amended Petition for Writ of *Habeas Corpus* claiming that his sentence for a crime committed when he was nineteen years of age violated the Eighth Amendment's prohibition against cruel and unusual punishment. The Commonwealth complied with the court's order to file an answer. On June 12, 2014, the court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant timely filed an answer, but the court denied the petition as time barred by order dated June 25, 2014. This appeal followed.

Appellant raises three issues on appeal.[2] Preliminarily, he challenges the trial court's dismissal of his petition on timeliness grounds and asserts

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] Appellant's issues as presented *verbatim* in his brief are:

> 1. Did the PCRA Court error by dismissing all claims raised as [b]eing, [t]ime-barred, pursuant to Rule 907? where there is "NO" remedy under the Post-Conviction Relief Act, to the extent appellant's Federal, or State Constitutional claims are not cognizable under the PCRA. Appellant has a remedy under the Pennsylvania's Habeas Corpus Statute. 42 Pa. 42 C.S.A. §6501

*(Footnote Continued Next Page)*

that it was properly filed as a *habeas* petition. We note that the Post-Conviction Relief Act is intended to "provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including *habeas corpus*." **Commonwealth v. Lantzy**, 736 A.2d 564, 569 (Pa. 1999). Thus, Appellant's *habeas* petition was properly treated as a PCRA petition, and we will treat it as such. **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (petitioner cannot escape time-bar by labeling petition a writ of *habeas corpus*).

In addition, Appellant asserts that the trial court erred in finding his PCRA petition untimely as the timeliness exceptions for newly-recognized constitutional rights and newly-discovered facts were applicable. Finally, he

---
*(Footnote Continued)* ──────────────

et esq. When reviewing a claim under Pennsylvania's Constitution Article 1 Section 14.

2. Did the PCRA Court error by not ruling Appellant's sentence under Pa.C.S. §1102, and §9711 as an illegal sentence based on, Alleyne V. United States, 113 S. ct. 2151 (2013), in which the Appellant invoked the exception to, 42 Pa. C.S.A. 9545(b)(1)(ii)-(iii)? Because the facts that permitted application of that mandatory sentence were not determined, by the factfinder, nor proven beyond a reasonable doubt by a jury of the Appellant's peers?

3. Did the PCRA Court error by accepting Commonwealth's District Attorney and/or Assistant D.A. Ronald M. Wably, Sr.; untimely response, after Appellant's objected default judgment against Commonwealth's untimely response to Appellant's Amended for want of State was of Habeas Corpus in violation of Appellant's Sixth & Fourteenth Amendment right to fair court proceedings and •right to Due Process?

- 3 -

registers some objection to the trial court's acceptance of an allegedly untimely response from the Commonwealth, which he neither explains nor argues in his brief.

Our standard and scope of review for the denial of a PCRA petition is well-settled.

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, __A.3d. __, 2014 WL 6982658, 4 (Pa.Super. 2014).

Appellant's first and second arguments pertain to the timeliness of his petition and implicate our jurisdiction. In order for a collateral petition to be timely under the PCRA, it must be filed within one year of the date when the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed almost twenty-five years after his sentence became final, is patently untimely. However, there are three exceptions to the time-bar of the PCRA. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i-iii). Any claim based on an exception to the time-bar must be filed within sixty days of the date it could have first been presented.

Appellant first asserts that his petition is timely as his claim falls within the timeliness exception for newly-recognized constitutional rights. He bases his right to relief upon **Miller v. Alabama**, 132 S.Ct. 2455 (decided June 25, 2012), in which the United States Supreme Court held that mandatory life sentences without parole for juveniles violated the Eighth Amendment. Appellant claims that the instant petition, which was filed on July 6, 2012, was filed within the requisite sixty-day statutory period. Although he admittedly was not a juvenile[3] at the time of the offenses, Appellant asserts that the chronic abuse he suffered throughout his childhood delayed his physical maturity, and that it would be a violation of the Equal Protection clause of the Fourteenth Amendment not to extend **Miller** to him on the facts herein.

The Commonwealth counters that Appellant failed to plead or prove the applicability of any of the exceptions to the time-bar. It contends that **Miller** is inapplicable because Appellant was not a juvenile, but twenty-five years old at the time he committed the offenses. His contention that **Miller** should be extended due to his delayed maturity and history of abuse was rejected in **Commonwealth v. Cintora**, 81 A.3d 75 (Pa. 2013) (holding that claim by appellants, who were nineteen and twenty-one years of age

---

[3] Appellant claims that he was nineteen years of age when he committed the underlying offenses; the Commonwealth maintains that he was twenty-five years old, which is supported by the record. Regardless, Appellant was an adult.

respectively, that *Miller* should be extended to "those whose brains were not fully developed at the time of their crimes," does not qualify as an exception under 42 Pa.C.S. § 9545(b)(1)(iii)).

We find Appellant's reliance upon *Miller* to circumvent the PCRA time-bar to be misplaced. The Supreme Court held in *Miller* that "mandatory life without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." *Miller*, 132 S.Ct. at 2460 (quotations omitted). Thus, it clearly does not apply to Appellant who was an adult when the offenses were committed. Furthermore, we held in *Cintora*, *supra*, that arguments such as Appellant's herein, seeking to extend the *Miller* rationale to adults, did not constitute an exception to the PCRA's time bar.

Appellant's second basis for avoiding the time-bar fares no better. He claims in his statement of the question presented that the United States Supreme Court decision in *Alleyne v. United States*, 113 S.Ct. 2151 (2013), constituted a newly-discovered fact or a new constitutional right for purposes of the timeliness exceptions in 42 Pa.C.S. § 9545(b)(1)(ii) and (iii). Appellant does not present or develop any argument in his brief in support of his argument, and thus, it is technically waived. However, absent waiver, the argument fails. A judicial opinion is not a newly-discovered fact for purposes of 42 Pa.C.S. § 9545(b)(1)(ii). *See Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011); *Commonwealth v. Robinson*, 12 A.3d 477

(Pa.Super. 2011). Moreover, even assuming that **Alleyne** announced a new constitutional right, since neither the United States Supreme Court nor the Pennsylvania Supreme Court have held that **Alleyne** is to be retroactively applied to cases on collateral review, it does not meet the requirements for a timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(iii). **See Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014).

Hence, the PCRA court properly dismissed the within petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015